# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| DEBORAH LAUFER, | ) |
|     Plaintiff, | ) |
|     v. | ) Case No. 20-cv-3149 |
| Q ILL DEVELOPMENT, LLC, d/b/a EAGLES NEST HOTEL, an Illinois Limited Liability Company | ) |
|     Defendant. | ) |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This case is before the Court on Defendant Q ILL Development LLC's Motion to Dismiss, d/e 8, pursuant to Federal Rule of Civil Procedure 12(b)(1). For the reasons that follow, the motion is DENIED.

## I. INTRODUCTION

In June 2020, Plaintiff Deborah Laufer ("Plaintiff") filed a Complaint against Q ILL Development LLC d/b/a Eagles Nest Hotel, an Illinois Limited Liability Company, ("Defendant") bringing claims pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181

et seq. (the "ADA"). Plaintiff alleges that the online reservation system used to make reservations for Defendant's hotel is not accessible to persons with disabilities and, therefore, violates the ADA. Plaintiff seeks declaratory judgment and injunctive relief as well as attorney's fees and costs. Defendant has moved to dismiss Plaintiff's complaint for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). The Court first addresses a Motion to Strike filed by Defendant before turning to the Motion to Dismiss.

## II. MOTION TO STRIKE

Several weeks after Plaintiff filed her response to Defendant's Motion to Dismiss, Plaintiff filed a Notice of Supplemental Authority, d/e 13, alerting the Court to a decision recently issued by the United States District Court for the Middle District of Florida which Plaintiff finds relevant to the issue of her standing to pursue this action. In response, Defendant filed a Motion to Strike Plaintiff's Submission of Supplemental Authority, d/e 14.

In the Motion to Strike, Defendant asks the Court to strike the Notice of Supplemental Authority for failure to comply with the

Local Rules for the United States District Court for the Central District of Illinois.  Defendant cites Local Rules 7.1 and 49.9 in support of the Motion to Strike.  Local Rule 7.1(B)(3) states that "[n]o reply to [a] response [to a motion other than a motion for summary judgment] is permitted without leave of Court."  CDIL-LR 7.1(B)(3).  Local Rule 49.9(C) concerns the procedures to be followed in the event a party has a legal basis to file a submission without giving notice to other parties.  CDIL-LR 49.9(C).

    Plaintiff responds that the Notice of Supplemental Authority does not violate either of the Local Rules and that her filing "merely directs the Court's attention to legal authority that was not available at the time that Plaintiff filed her response to Defendant's Motion to Dismiss."  Pl.'s Resp. to Def.'s Mot. to Strike 2, d/e 15.  Since then, Plaintiff has filed five more Notices of Supplemental Authority.  See Notices of Supplemental Authority, d/e 16, 17, 22, 23, 24.  Defendant has since filed its own Notice of Supplemental Authority.  See Defendant's Notice of Supplemental Authority, d/e 18.

The Court agrees that Plaintiff's submissions do not violate this Court's Local Rules. Local Rule 49.9 concerns criminal cases and is therefore inapplicable to this civil case. Local Rule 7.1(B)(3) only prohibits the filing of a "reply" to a motion without first obtaining leave of Court; the Rule says nothing of Notices of Supplemental Authority. While Plaintiff's Notices may violate the spirit of Local Rule 7.1(B)(3), they do not violate the letter of the Rule. For that reason, Defendant's Motion to Strike Plaintiff's Submission of Supplemental Authority, d/e 14, is DENIED.

### III. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move for dismissal of a claim for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). When considering a Rule 12(b)(1) motion, this Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the plaintiff. Alicea-Hernandez v. Catholic Bishop of Chi., 320 F.3d 698, 701 (7th Cir. 2003). However, the plaintiff bears the burden of proving the jurisdictional requirements have been met. Ctr. for Dermatology & Skin Cancer Ltd. v. Burwell, 770 F.3d 586, 588 (7th

Cir. 2014). "The court may look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." Alicea-Hernandez, 320 F.3d at 701.

## IV. FACTS ALLEGED IN THE COMPLAINT

The following facts come from Plaintiffs' Complaint. These facts are accepted as true at the motion to dismiss stage.

Plaintiff is a resident of Florida and qualifies as an individual with disabilities as defined by the ADA. Compl. ¶ 1. Plaintiff uses a wheelchair, has limited use of her hands, and is visually impaired. Id. Plaintiff requires certain accommodations when traveling outside of her home. Id. Plaintiff describes herself as an advocate for the rights of persons with disabilities and a tester for the purpose of determining whether places of public accommodation and their websites are in compliance with the ADA. Id. at ¶ 2.

Defendant operates a place of lodging known as Eagles Nest Hotel in Quincy, Illinois. Id. Defendant, either itself or by and through a third party, implemented, operates, controls and/or

maintains websites for the hotel which contain an online reservation system. Id. at ¶ 9. Plaintiff visited these websites on multiple occasions and found that the websites did not identify accessible rooms or allow for booking of accessible rooms and provided insufficient information as to whether the rooms or features at the hotel are accessible. Id. at ¶ 10.

Plaintiff alleges that she intends to visit the website again in the future to test them for compliance with the ADA "and/or to utilize the websites to reserve a guest room and otherwise avail herself of the goods, services, features, facilities, benefits, advantages, and accommodations of the [hotel]." Id. at ¶ 11. Plaintiff alleges that as a result of the allegedly non-compliant reservation websites she has suffered and will continue to suffer direct and indirect injury. Id. at. ¶ 14.

## V. ANALYSIS

To have standing to bring a claim, a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, Inc. v. Robins,

136 S. Ct. 1540, 1547 (2016) (citing <u>Lujan v. Defs. of Wildlife</u>, 504 U.S. 555, 560-61 (1992)) (other citation omitted).  An injury in fact is "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical."  <u>Meyers v. Nicolet Rest. of De Pere, LLC</u>, 843 F.3d 724, 726 (7th Cir. 2016) (quoting <u>Lujan</u>, 504 U.S. at 560).

Title III of the ADA prohibits discrimination against individuals with disabilities in public accommodations.  42 U.S.C. §§ 12181-12189.  Title III of the ADA sets forth, as a general rule, that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."  42 U.S.C. § 12182(a). The regulations implementing the ADA require hotel booking websites to provide reservations for "accessible guest rooms" and to "identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess

independently whether a given hotel or guest room meets his or her accessibility needs."  Laufer v. Surf Hotel Invs. LLC, 2021 WL 809732, at *1 (N.D. Ill. Mar. 3, 2021) (quoting 28 C.F.R. § 36.302(e)(1)(i)-(ii)).

Because she seeks prospective injunctive relief, Plaintiff must allege a "real and immediate" threat of future ADA violations. Scherr v. Marriott Int'l, Inc., 703 F.3d 1069, 1074 (7th Cir. 2013). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects."  Lujan, 504 U.S. at 564 (citation omitted).  In addition to a past injury, then, a plaintiff seeking injunctive relief must also allege that the discrimination will continue and cause future injury.  Scherr, 703 F.3d at 1074.  This threat of future injury can be shown by an intent to return to or use the public accommodation, id., but the threat can also be shown by establishing that the plaintiff is reasonably deterred from the accommodation because of the discrimination.  See Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 949 (9th Cir. 2011) (en

banc); Scherr v. Marriot Int'l, Inc., 833 F. Supp. 2d 945, 951 (N.D. Ill. 2011), aff'd, 703 F.3d 1069 (7th Cir. 2013).

Plaintiff alleges that she visited Defendant's reservation websites and discovered that the websites do not contain information required by the ADA. Compl. ¶ 10. Plaintiff alleges that she suffered injury as a result of the allegedly non-compliant websites, including but not limited to infringement of her right to travel free of discrimination, deprivation of information required to make meaningful choices for travel, and frustration and humiliation. Id. at ¶ 13-14. Plaintiff further alleges that she intends to visit the websites again, but that she is continuously aware that the websites remain non-compliant with the ADA and, therefore, it would be futile for her to revisit websites as long as the violations exist unless she is willing to suffer additional discrimination. Id. at 11-12.

Defendant argues that Plaintiff lacks standing because she has not alleged an injury-in-fact. Mot. to Dismiss 5-6. Defendant also argues that Plaintiff does not have standing to obtain injunctive relief because she had not properly alleged a real and

immediate threat of future injury.  Id. at 6-10.   Finally, Defendant argues that, as a matter of policy, allowing Plaintiff's claim to proceed when Plaintiff has no intent to actually reserve a room or stay at the hotel would eviscerate Article III standing requirements. Id. at 10-11.

Defendant notes that Plaintiff's status as a tester does not automatically confer standing, but her status as a tester does not automatically defeat standing either.  Id. at 3.  A tester in this context is a person who seeks out places of public accommodation to identify ADA violations without necessarily intending to actually use the public accommodation.  See Havens Realty Corp. v. Coleman, 455 U.S. 363 (1982) (defining the meaning of "tester" in the context of investigating housing discrimination); Laufer v. Lily Pond LLC C Series, 2020 WL 7768011, at *1 (W.D. Wis. Dec. 30, 2020) (defining an ADA tester as "someone who investigates and identifies businesses that are not in compliance with the ADA").

A tester still must satisfy the elements of standing, including the injury-in-fact requirement.  Id. (citing Carello v. Aurora Policemen Credit Union, 930 F.3d 830, 833 (7th Cir. 2019)).

Neither the Supreme Court nor the Seventh Circuit have specifically held that testers have standing under the ADA, but it is well established that testers have standing to sue to enforce similar civil rights statutes.  See, e.g., Havens Realty, 455 U.S. at 374 (finding testers had standing under the Fair Housing Act).

The Supreme Court's determination of whether each of the plaintiffs had standing to sue in Havens Realty was guided by that Court's decision in Gladstone, Realtors v. Village of Bellwood, 441 U. S. 91, that "Congress intended standing under § 812 of the Fair Housing Act to extend to the full limits of Art[icle] III," and that the courts accordingly lack authority to create prudential barriers to standing in suits brought under that section.  Gladstone, 455 U.S. at 103, n.9.  Based in part on decisions such as these, and the similar nature of the statutes being tested, the Seventh Circuit has held that "testers who experience discrimination as they apply for jobs have standing to sue under Title VII" of the Civil Rights Act of 1964.  Kyles v. J.K. Guardian Sec. Servs., Inc., 222 F.3d 289, 298 (7th Cir. 2000).  Similarly, the First, Fourth, Sixth, Ninth, Tenth, and Eleventh Circuit Courts have found standing for testers under

the ADA.  See Suarez-Torres v. Panaderia Y Reposteria Espana, Inc., 988 F.3d 542 (1st Cir. 2021); Mosley v. Kohl's Dep't Stores, Inc., 942 F.3d 752 (6th Cir. 2019); Nanni v. Aberdeen Marketplace, Inc., 878 F.3d 447 (4th Cir. 2017); Civil Rights Educ. & Enf't Ctr. v. Hosp. Props. Tr., 867 F.3d 1093 (9th Cir. 2017); Colo. Cross Disability Coal. v. Abercrombie & Fitch Co., 765 F.3d 1205 (10th Cir. 2014); Houston v. Marod Supermarkets, Inc., 733 F.3d 1323 (11th Cir. 2013).

The Seventh Circuit has held that a website can be a place of public accommodation even independent of any connection to a physical space.  See Morgan v. Joint Admin Bd. Ret. Plan of Pillsbury Co. & Am. Fed'n of Grain Millers, AFL-CIO-CLC, 268 F.3d 456, 459 (7th Cir. 2001) (rejecting an interpretation of public accommodation as denoting only a physical site); Doe v. Mut. of Omaha Ins. Co., 179 F.3d 557, 558 (7th Cir. 1999) ("[T]he owner or operator of a store, hotel, restaurant, dentist's office, travel agency, theater, Web site, or other facility (whether in physical space or in electronic space) that is open to the public cannot exclude disabled persons from entering the facility and, once in, from using the

facility in the same way that the nondisabled do.") (internal citation omitted).

The Court concludes that Plaintiff has established standing. Plaintiff alleges that she visited the reservation websites and discovered that the websites do not contain accessibility information required by the ADA. The inability to obtain information that is statutorily mandated to be provided is an injury-in-fact sufficient to establish standing. See Carello, 930 F.3d at 835 (quoting Spokeo, 136 S. Ct. at 1549). Plaintiff further alleges that she suffered injury as a result and that she intends to visit the websites again but that it would be futile for her to do so as long as the violations continue unless she is willing to suffer additional discrimination. This is enough to plausibly state a violation of the ADA and establish Plaintiff's standing. Because Plaintiff has alleged that she is presently deterred from the accommodation because of discrimination and that the discrimination will continue, the threat of future discrimination is both real and immediate.

## VI. CONCLUSION

For the reasons stated above, Defendant's Motion to Strike Plaintiff's Submission of Supplemental Authority, d/e 14, and Defendant's Motion to Dismiss, d/e 8, are DENIED. Defendant is directed to answer the Complaint by and including April 13, 2021.

ENTER: March 30, 2021

FOR THE COURT:
/s/Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE